IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES HARRISON LESSER,  )
              Plaintiff,  )
  -vs-  )   Civil Action No. 13-221E
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
              Defendant.  )

AMBROSE, Senior District Judge.

## OPINION
### and
### ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 8 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (Docket No. 7) and granting Defendant's Motion for Summary Judgment. (Docket No. 9).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed his applications for benefits on July 27, 2010, alleging he had been disabled since September 22, 2009. (Docket Nos. 6-5, pp. 2-14). Administrative Law Judge ("ALJ"), James J. Pileggi, held a video hearing on December 30, 2011. (Docket No. 6-2, pp. 25-44). On February 13, 2012, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 6-2, pp.

1

16-24). After exhausting all administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 8 and 10). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984); 42 U.S.C. §405(g).

**B.    WEIGHT GIVEN TO PLAINTIFF'S DOCTORS, STEVEN HABUSTA AND ARTHUR SCHENCK**

Plaintiff argues that ALJ erred in assigning little weight to his treating orthopedic surgeon, Dr. Steven Habusta, and/or treating pain management specialist, Dr. Arthur Schenck. (ECF No. 8, pp. 4-7). Specifically, with regard to Dr. Schenck, Plaintiff argues the ALJ erred in giving his medical source statement little weight based on his reasoning that "[t]here was no longitudinal history with Dr. Schenck. Apparently, Dr. Schenck examined the claimant one time…." (ECF No. 8, pp. 5-6). According to Plaintiff, he was seen and examined by Dr. Schenck on 11 separate occasions over the course of approximately one year, February 23, 2011 through January 30, 2012. *Id.* at p. 6. Plaintiff fails to mention, however, that the evidence to establish his history

3

with Dr. Schenck was never presented to the ALJ prior to his decision of February 13, 2012. As I mentioned previously, the instant review of the ALJ's decision is not *de novo.* The ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). Thus, my review of the ALJ's decision is limited to the evidence that was before him. 42 U.S.C. §405(g). Therefore, in this case, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence (ECF No. 6-8, pp. 51-63) that was not first submitted to the ALJ when reviewing his decision.

If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

In this case, the post-decision evidence was first submitted to the Appeals Council. (ECF No. 6-2, pp. 3, 6). Plaintiff does not give any reason why he failed to present this evidence to the ALJ prior to him issuing his decision. *See*, ECF No. 8. The ALJ held the record open for 30 days after the hearing to submit additional evidence. (ECF No. 6-2, p. 43). Clearly the records existed at that time. (ECF No. 6-8, pp. 51-63). Yet, for unknown reasons, Plaintiff did not submit these records prior to the ALJ's decision. *See,* ECF No. 8. Consequently, I find that Plaintiff has not shown good cause for his failure to submit the additional evidence to the ALJ. Therefore, remand under Sentence Six is not warranted.

4

With regard to Dr. Habusta, Plaintiff argues that the ALJ did not provide any reason for giving Dr. Habusta's medical statement little weight. (ECF No. 8, p. 6). After a review of the record, I disagree. The ALJ gave Dr. Habusta's medical statement little weight because it was inconsistent with the medical records. *See,* ECF No. 6-2, p. 22 (wherein ALJ lays out the inconsistency between Dr. Habusta's opinion that Plaintiff would be absent from work more than four days per month and had no capacity to work and Dr. Habusta's medical records that do not support that opinion). Consequently, I find no merit to this argument. Therefore, remand is not warranted on this basis.

Lastly, Plaintiff argues that while the ALJ emphasized a statement - that Plaintiff had exaggerated pain behaviors – made by physiatrist, Dr. Theresa Wheeling, he failed to consider that Dr. Wheeling only examined Plaintiff on one "**single**" occasion. (ECF No. 8, p. 7, emphasis in original). After a review of the record, I disagree. The ALJ stated that there was a medical report from Theresa Wheeling, M.D. dated January 21, 2010. (ECF No. 6-2, p. 20). This indicates that the ALJ knew that Plaintiff only saw Dr. Wheeling on one occasion. Consequently, I find no merit to this argument. Therefore, remand is not warranted on this basis either.

Based on my review of the record, there is substantial evidence to support the decision of the ALJ. An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES HARRISON LESSER,  )
                                        )
          Plaintiff,                )
                                        )
  -vs-                            )          Civil Action No.  13-221E
                                        )
CAROLYN W. COLVIN,                       )
COMMISSIONER OF SOCIAL SECURITY,  )
                                        )
          Defendant.              )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

THEREFORE, this 6th day of March, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 7) is denied and Defendant's Motion for Summary Judgment (Docket No. 9) is granted.

                                        BY THE COURT:

                                        s/   Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge